IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERNINA ADAMS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 16-6780 (AET)<br><br>OPINION |

RECEIVED
FEB 09 2018
AT 8:30
WILLIAM T. WALSH, M
CLERK

**THOMPSON, District Judge:**

I.　**INTRODUCTION**

This matter comes before the Court on Petitioner Vernina Adams' motion for release pending sentencing (ECF No. 18) and motion for prompt ruling (ECF No. 23).[1] Respondent United States has not opposed either motion. For the reasons stated herein, the motion for release is denied and the motion for a prompt ruling is dismissed as moot.

II.　**BACKGROUND**

Petitioner pled guilty to a one-count Information charging her with conspiracy to commit bank fraud, 18 U.S.C. § 1349, on July 31, 2013. She was sentenced to 40 months imprisonment with a 5 year period of supervised release to run concurrently with two prior federal convictions. *United States v. Adams*, 13-cr-0501 (D.N.J. May 9, 2016). *See also United States v. Adams*, 5:15-0072 (S.D.W. Va. Apr. 15, 2015); *United States v. Adams*, No. 12-584 (N.D. Cal. Nov. 4, 2013).

---

[1] Petitioner labels her motion a supplement to a motion for release purportedly filed with the Court on June 27, 2017. The docket does not reflect any motion for release on bond prior to the instant motion, and the only correspondence from Petitioner dated June 27, 2017 was a letter requesting a ruling on the § 2255 motion itself. (ECF No. 17).

She did not file a direct appeal. On October 6, 2016, she filed a motion to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1). The Court originally administratively terminated the motion as it was not on the proper form, (ECF No. 3), and Petitioner submitted an amended motion on January 3, 2017, (ECF No. 7). The Court advised Petitioner of her rights and the consequences of filing a § 2255 motion pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and directed Petitioner to inform the Court whether she wanted to proceed with the amended motion as filed or to submit a second amended motion subject to the one-year statute of limitations. (ECF No. 9). Petitioner elected to file a second amended motion on February 6, 2017. (ECF No. 11).

The Court ordered Respondent United States to answer the petition. (ECF No. 12). As Respondent did not answer the petition within the time set by the Court, the Court issued an order to show cause on May 8, 2017. (ECF No. 13). Respondent answered the order the same day and requested an extension of time to file an answer. (ECF No. 14). The Court granted that extension request as well as a second extension of time request made on July 18, 2017. (ECF Nos. 16 & 19). Respondent filed its answer on July 28, 2017. (ECF No. 20).[2]

On July 10, 2017, Petitioner filed the instant motion for release pending sentencing. (ECF No. 18). She filed a motion for a prompt ruling on January 5, 2018. (ECF No. 23). Respondent did not reply to either motion.

---

[2] Respondent's answer did not include the transcripts of the plea and sentencing hearings. These transcripts have not been filed on the docket nor served on Petitioner as of the date of this Opinion and Order. The Court expects Respondent to promptly secure, file, and serve the requested transcripts.

2

## III. STANDARD OF REVIEW

District courts have the discretion to order bail on bond pending the outcome of § 2255 proceedings. *See United States v. Smith*, 835 F.2d 1048, 1050 (3d Cir. 1987). "[B]ail pending disposition of habeas corpus review is available 'only when the petitioner has raised substantial constitutional claims upon which [s]he has a high probability of success . . . or exceptional circumstances exist which make a grant of bail necessary to make the habeas remedy effective.'" *United States v. Weicksel*, 517 F. App'x 67, 68 (3d Cir. 2013) (per curiam) (quoting *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (omission in original)). *See also United States v. Knight*, No. 1:08-CR-141-06, 2017 WL 75575, at *2 (M.D. Pa. Jan. 9, 2017).

## IV. ANALYSIS

Petitioner argues she should be released on bail pending this Court's decision in her § 2255 proceedings because she has a high probability of success on the merits because her offenses were part of the same course of conduct, "possession of a fraudulent business is a continuous offense which ceases only when the possession stops," and both of her offenses were based on the same evidence. Motion at 1-3. She states she has already served 39 months and 7 days in custody at the time of the filing of her motion and that she will likely receive "a retroactive concurrency to both relevant conduct offenses" and a sentence of time served if the Court resentences her. Motion at 3-4. She argues these are extraordinary circumstances warranting release on bond pending this Court's decision. *Id.*

The Third Circuit has "previously observed that '[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence.'" *In re Souels*, 688 F. App'x 134, 135 (3d Cir. 2017) (quoting *Landano*, 970 F.2d at 1239 (alteration in original)). *See also Lucas v.*

3

*Hadden*, 790 F.2d 365, 367 (3d Cir. 1986) ("[A] preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding."). *See Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968) (granting bail to prisoner sentenced to 120 days in prison); *Johnston v. Marsh*, 227 F.2d 528, 529 (3d Cir. 1955) (permitting state prisoner, "an advanced diabetic [who] was, under conditions of confinement, rapidly progressing toward total blindness[,]" to be released to a hospital for immediate treatment). Petitioner does not argue she is in poor health and in need of immediate treatment, nor is she scheduled for imminent release. According to the Bureau of Prison's Inmate Locator, she is scheduled for release on January 26, 2019. *See* BOP Inmate Locator, *available at* htttps://www.bop.gov/inmateloc/ (last visited Jan. 30, 2018). Furthermore, she has a 5 year period of supervised release to serve at the conclusion of her incarceration. *See Burkey v. Marberry*, 556 F.3d 142, 147-48 (3d Cir. 2009) (noting § 2255 petition was not moot after petitioner's release from prison because he still had to serve a period of supervised release); *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008). Petitioner has therefore failed to meet the Third Circuit's test for extraordinary circumstances as her release date is not imminent and she is not in poor health such that urgent treatment is required. "Consequently, this is not a case where the timing of the release date would render the habeas remedy ineffective if the petitioner were not granted bail." *Souels*, 688 F. App'x at 135 (citing *Landano*, 970 F.2d at 1239).

As there are no extraordinary circumstances warranting bail, Petitioner's motion is denied. *See Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986) (holding that "absent a showing of extraordinary circumstances, [petitioner] was improperly admitted to bail."). Her motion for a decision is dismissed as moot.

4

## V. CONCLUSION

For the reasons stated above, Petitioner's motion for release on bond is denied. Her motion for a decision is dismissed as moot.

An accompanying Order will be entered.

2/9/18
Date

ANNE E. THOMPSON
U.S. District Judge