IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERNINA ADAMS,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 16-6780 (AET)<br><br>OPINION |

**ANNE E. THOMPSON, U.S.D.J.**

RECEIVED DEC 1 3 2018 AT 8:30 ___ 3:50 PM WILLIAM T. WALSH CLERK

## I. INTRODUCTION

Vernina Adams ("Petitioner") moves to vacate, correct, or set aside her federal sentence pursuant to 28 U.S.C. § 2255. (ECF No. 7.) Respondent the United States of America opposes the motion. (ECF No. 20.) For the reasons stated herein, Petitioner's motion is denied, and no certificate of appealability will issue.[1]

## II. BACKGROUND

On July 31, 2013, Petitioner pled guilty to a one-count information charging her with conspiracy to commit bank fraud, 18 U.S.C. § 1349. *United States v. Adams*, Crim. No. 13-501, ECF No. 165. The charge against Petitioner arose from an international credit card "bust out"

---

[1] Also pending before the Court is Petitioner's Second Motion for Release Pending Resentencing. (ECF No. 28). This Court denied Petitioner's original motion for release pending resentencing and her motion for a prompt ruling on February 9, 2018. (ECF Nos. 25, 26.) In response to a note in this Court's opinion that it was only in receipt of Petitioner's "Supplement" to her motion for release pending resentencing, on February 26, 2018, Petitioner re-submitted her original motion and requested the Court consider her arguments anew. (ECF No. 28.) Whether or not this filing was procedurally sound, because the Court denies Petitioner's § 2255 motion, her Motion for Release Pending Resentencing is denied as moot.

scheme that "involved the creation of thousands of false identities, fraudulent identification documents, and doctored credit reports." Crim. No. 13-501, ECF No. 163, ¶ 2. Petitioner's role in the conspiracy was to add the false identities created by her co-conspirators to authorized user tradelines through her business, One Stop Credit Shop, to improve the credit histories of the false identities. *Id.* ¶¶ 13–14. Petitioner began One Stop Credit Shop in 2009 and promoted it as a service to assist users in improving their credit scores and histories.

Shortly before Petitioner was arrested on the present charges, she was arrested and charged with wire fraud and identity theft in the Northern District of California ("Offense 584"). The conduct underlying Offense 584 also involved Petitioner's business, One Stop Credit Shop. Petitioner would use the personal information of One Stop Credit Shop users to create fictitious internet businesses and for each fictitious business she would create a Paymate account to process online payments. Paymate is a credit processing service for online businesses based in California. Petitioner and her co-conspirators in Offense 584, which included her relatives and friends, would use their personal debit and credit cards to make purchases from the fictitious businesses. Once the payments were processed, Petitioner would withdraw the funds from the fictitious businesses' Paymate accounts. A few weeks later, Petitioner would contact her credit card company and report that the goods ordered from the fictitious businesses had not arrived and would be issued a "charge back" by the credit card company. On October 23, 2013, Petitioner was sentenced to a total thirty-eight months incarceration on one count of wire fraud and one count of aggravated identity theft.

On May 6, 2016, Petitioner was sentenced on the instant offense. Crim. No. 13-501, ECF No. 175. This Court, in reliance on the Presentence Report, determined that Petitioner's criminal history category was V, "[r]eflecting the fact that she has committed a series of fraud offenses

over an extended period of time." (ECF No. 31, at 19:25 to 20:2.) Based on her criminal history category and her offense level under the Sentencing Guidelines, the advisory guidelines range was a sentence of 77 to 96 months. (*Id.* at 12:11–13.) At sentencing, the Government moved for a downward departure pursuant to § 5K1.1 for substantial assistance. (*Id.* at 12:24 to 18:7.) Petitioner was thus sentenced to a prison term of forty months with a five-year period of supervised release to run partially concurrently with her sentence on Offense 584 and a sentence for possession of a prohibited object in custody. Crim. No. 13-501, ECF No. 176. Petitioner did not file a direct appeal.

Petitioner filed her motion to correct, vacate, or set aside her federal sentence under 28 U.S.C. § 2255 in the proper form on February 6, 2017. (ECF No. 7.) Petitioner raises the following arguments in support of her motion, each framed as a claim of ineffective assistance of counsel: (1) for failing to challenge Petitioner's criminal history category as set forth in the Presentence Report; (2) for failing to object to the application of a two-point enhancement under § 2B1.1(b)(10) for use of "sophisticated means"; and (3) for failing to request that Petitioner receive a credit on her sentence for time served on her sentence for Offense 584.

### III. DISCUSSION

Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46

3

(3d Cir. 2005).

The Government argues that Petitioner has waived each of her arguments because she did not raise her claims in a direct appeal and challenges to a sentencing court's application of the Sentencing Guidelines are not cognizable on a § 2255 motion. While it is well-established that a collateral challenge under § 2255 is not a replacement for a direct appeal, *United States v. Frady*, 456 U.S. 152, 165 (1982), the claims raised by Petitioner contain sufficient allegations of ineffective assistance of counsel to render them cognizable under § 2255. To the extent Petitioner challenges the application of the Guidelines separate from her claims of ineffective assistance of counsel, the Court will not consider those claims. *United States v. Ruddok*, 82 F. App'x 752, 758 (3d Cir. 2003).

A defendant seeking to show that his counsel was constitutionally ineffective must meet a "highly demanding" standard. *Lockhard v. Fretwell*, 506 U.S. 364, 378 (1993). To prevail on a claim of ineffective assistance of counsel, the defendant must show: 1) his counsel's performance fell below an objective standard of reasonable professional assistance; and 2) that counsel's deficient performance prejudiced the defense, meaning there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984).

### A. Calculation of Criminal History Category

Petitioner argues that her counsel was ineffective by not objecting to the calculation of her criminal history as set forth in the Presentence Report. The Presentence Report determined that Petitioner had a criminal history level of 10, which put her in Category V. Specifically, Petitioner takes issue with the categorization of three offenses: a 2004 conviction in the State of Pennsylvania for forgery, theft by deception and other related offenses ("Offense 621"), which

4

was assigned three points; a 2004 conviction in Philadelphia Municipal Court on an unrelated charge of forgery, theft, and writing a bad check ("Offense 531"), which was assigned one point; and Offense 584 for bank fraud and identity theft, which was assigned three points. Petitioner alleges that she requested her counsel object to the points assigned to these offenses, but he advised that because she had entered into a plea agreement, she could only object to the Personal and Family sections of the Presentence Report.

While the Court finds that Petitioner's counsel was not ineffective in not raising these arguments, Petitioner was not barred by the plea agreement from challenging the calculation of her criminal history. Indeed, under the plea agreement, both parties "reserve[d] any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category." Crim. No. 13-501, ECF No. 167, at 8. Nor did the plea agreement set forth any stipulations regarding Petitioner's criminal history level. Nevertheless, as set forth below, Petitioner's ineffective assistance of counsel claims related to her criminal history categorization are denied because she cannot show she was prejudiced by the failure of counsel to raise these arguments. Each of the prior sentences challenged by Petitioner was assigned the proper point value. Thus, even had her counsel raised these arguments, she would have received a criminal history category of V.

First, Petitioner argues that her counsel was deficient by not arguing that Offense 621 should have only received one criminal history point because Petitioner was only sentenced to house arrest and thus did not receive a "sentence of imprisonment" on the conviction. Sentencing Guideline § 4A1.1 governs how prior convictions and sentences are counted to determine a defendant's criminal history category. U.S. Sentencing Guidelines Manual § 4A1.1 (U.S. Sentencing Comm'n 2014). Under that section, a prior "sentence of imprisonment" may

5

be worth two or three points depending on the length of the sentence, whereas all other sentences receive only one point. *See id.* The Third Circuit has yet to determine whether a sentence for home confinement constitutes a "sentence of imprisonment" under § 4A1.1. However, other circuit courts that have considered the question have determined that a sentence of home confinement is not a "sentence of imprisonment" for the purposes of § 4A1.1. *See United States v. Gordon*, 346 F.3d 135, 137–39 (5th Cir. 2003); *United States v. Jones*, 107 F.3d 1147, 1161–65 (6th Cir. 1997) ("Given the Sentencing Guidelines' uniform treatment of home detention, it is, therefore, apparent that under the Sentencing Guidelines, time spent in home detention does not constitute a 'sentence of imprisonment.'").

Nevertheless, this Court need not determine whether Petitioner's initial sentence on Offense 621 constituted a sentence of imprisonment because the record demonstrates that, even if the sentence for house arrest was not a sentence of imprisonment, Offense 621 was properly assigned three points. According to court records, Petitioner violated her probation on Offense 621 after serving her term of home confinement. Related to that violation, on August 9, 2007, Petitioner was sentenced to a minimum 11 months, 15 days, maximum 23 months term of incarceration. Petitioner was eligible for work release and it appears she served her sentence at a halfway house.[2] Because the maximum sentence on Petitioner's probation violation was more than one year and one month, three criminal history points were properly assigned. § 4A1.1(b)(1) ("Add *3* points for each prior sentence of imprisonment exceeding one year and one month."); § 4A1.2, Application Note 2 ("For the purposes of applying § 4A1.1(a), (b), or (c), the

---

[2] It also appears from the parties' briefing that Petitioner was briefly confined at the Riverside County Jail in Philadelphia, New Jersey from February 13, 2007 to September 3, 2007 on the probation violation.

length of a sentence of imprisonment is the stated maximum . . . .");[3] The fact that Petitioner was permitted to serve her sentence in a work release program does not decrease the point value assigned to Offense 621 because a sentence, such as work release, "that stipulates or permits alternate treatment is treated as a sentence of imprisonment." *United States v. Jones*, 557 F. Supp. 2d 630, 643 (E.D. Pa. 2008) (quoting *United States v. Schnupp*, 368 F.3d 331, 335 (3d Cir. 2004), *judgment vacated*, 543 U.S. 1111 (2005)); *see also United States v. Ruffin*, 40 F.3d 1296, 1299 (D.C. Cir. 1994) (finding that work release program counted as sentence of imprisonment under the Sentencing Guidelines); *United States v. Urbizu*, 4 F.3d 636, 637–38 (8th Cir. 1993) (finding that sentence served in halfway house constituted a sentence of imprisonment). Because Offense 621 was properly assigned three points, Petitioner cannot demonstrate that had her counsel raised this argument at sentencing, she would have fallen into a lesser criminal history category or received a lesser sentence.

Petitioner next argues that her counsel was ineffective by not arguing that Offenses 621 and 531 should have been counted as a single sentence under § 4A1.2(a)(2). That section provides that

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offenses). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

§ 4A1.2(a)(2). Petitioner argues that the two offenses were committed at the same time, prior to

---

[3] Though Petitioner was sentenced twice on Offense 621—for the original conviction and the probation violation—the Sentencing Guidelines state that it should be counted as one sentence to ensure that "no more than three points will be assessed for a single conviction, even if probation or conditional release was subsequently revoked." § 4A1.2, Application Note 11.

her first arrest and thus because she was sentenced on Offenses 621 and 531 on the same day, they should count as a single sentence. However, court records of both convictions demonstrate that there was, in fact, an intervening arrest between the two offenses. Petitioner was arrested on December 13, 2003 on Offense 621. The conduct on which Offense 621 was based occurred on October 9, 2002. Petitioner's arrest for Offense 531 was effectuated on December 22, 2003 and, according to the Presentence Report, the conduct on which offense 531 was based occurred on December 15, 2003. Thus, because Offense 531 was committed *after* Petitioner was arrested on Offense 621, these offenses were properly counted separately. Again, had counsel raised this argument at sentencing, Petitioner's criminal history category would not have changed. Thus, she cannot demonstrate she was prejudiced by any alleged deficiency of counsel.

Finally, Petitioner argues that her counsel was deficient by not arguing that her sentence on Offense 584 should not have been included in her criminal history score because it involved the same criminal conduct as the instant offense. Petitioner's criminal history score included three points for her sentence on Offense 584. In calculating a defendant's criminal history, "a sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." § 4A1.2, Application Note 1.

The determination of whether conduct is part of the instant offense is governed by Sentencing Guidelines § 1B1.3 which defines "relevant conduct." *Id.* Relevant conduct includes

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced procured, or willfully caused by the defendant; and (B) in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

§ 1B1.3(b)(1). In considering whether an offense involved relevant conduct. "courts examine '(1) the degree of similarity of the offenses; (2) the regularity (repetitions) of the offense; and (3) the time interval between the offenses.'" *United States v. Lawrence*, 214 F. Supp. 3d 401, 411 (E.D. Pa. 2016) (quoting *United States v. West*, 643 F.3d 102, 111 (3d Cir. 2011)).

Petitioner was not prejudiced by her counsel's failure to raise this argument at sentencing. While both offenses involved the use of Petitioner's company, One Stop Credit Shop, and were conducted during the same period, the conduct underlying the offenses was distinct. In the instant offense, Petitioner used One Stop Credit Shop to sell credit tradelines to her co-conspirators to improve the credit histories of the false identities. Offense 584, on the other hand, involved Petitioner's use of personal information of One Stop Credit Shop users to establish fictitious businesses and defraud Paymate, a credit card processing company. Petitioner argues that because each of these crimes involved One Stop Credit Shop and the personal information of its users, the offenses are based on the same "relevant conduct." However, the only similarities between the two offenses are that Petitioner used her business to perpetuate the offenses. The method of each offense was distinct enough to separate the two. Because the Court finds that Offense 584 was properly included in Petitioner's criminal history calculation, she cannot show that she was prejudiced by counsel's failure to raise this argument at sentencing.

### B. Two-Point Sophisticated Means Enhancement

Petitioner asserts that her counsel was deficient by not seeking a two-point reduction in her offense level at sentencing based on the 2015 Amendments to the Sentencing Guidelines which changed the requirements for a "sophisticated means" enhancement.

As stipulated to by the parties in the plea agreement, this Court determined that Petitioner's offense level under the Sentencing Guidelines was a 22, which included a two-point

9

enhancement for use of sophisticated means in effectuating the fraud. Petitioner was sentenced pursuant to the 2014 Sentencing Guidelines, which permitted a two-point enhancement where "the offense otherwise involved sophisticated means." U.S.S.G. § 2B1.1(b)(10); *United States v. Parker*, 468 F. App'x 183, 185 (3d Cir. 2012). In 2015, the United States Sentencing Commission's amendments to the Sentencing Guidelines included Amendment 792 which "narrow[ed] the focus of the specific offense characteristic at § 2B1.1(b)(10)(C) to cases in which the defendant intentionally engaged in or caused conduct constituting sophisticated means." U.S. Sentencing Guidelines Manual, appx. C, supp., at 113 (U.S. Sentencing Comm'n 2015).[4] Thus, under Amendment 792, a sophisticated means enhancement would only apply where the defendant's individual conduct constituted sophisticated means under the Guidelines. *Id.* Amendment 792 was not designated to apply retroactively. U.S. Sentencing Guidelines Manual § 1B1.10(d) (U.S. Sentencing Comm'n 2015).

Counsel's performance did not fall below an objective standard of reasonableness by not raising this argument at sentencing. First, requesting a reduction of Petitioner's offense level would have breached the plea agreement as the parties agreed "not to seek or argue for any upward or downward departure, adjustment or variance" not set forth in the agreement. *See Rakes v. United States*, Civ. No. 13-6460, 2016 WL 80641, at *2 (D.N.J. Jan 7, 2016). Moreover, because Petitioner was sentenced under the 2014 Sentencing Guidelines, Amendment 792 was not applicable to her as the amendment does not apply retroactively. *See* § 1B1.10(d); *United States v. Brown*, 694 F. App'x 62, 64 (3d Cir. 2017); *United States v. Egwuekwe*, 668 F.

---

[4] The amended section provides for a two-point enhancement where "the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." U.S. Sentencing Guidelines Manual § 2B1.1(b)(10) (U.S. Sentencing Comm'n 2015).

App'x 421, 422 (3d Cir. 2016). Because Amendment 792 was not applicable to Petitioner, she was not prejudiced by her counsel's failure to raise this argument at sentencing.

## C. Time Served

Lastly, Petitioner argues that her counsel was ineffective by not arguing for a reduction of sentence pursuant to § 5G1.3 for time served on her sentence for Offense 584. The Guidelines provide that where "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction [under § 1B1.3(a)]," a sentencing court shall either "adjust the period of imprisonment already served on the undischarged term of imprisonment . . . and the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." § 5G1.3(b)(1)–(2). Petitioner argues that because Offense 584 involved the same relevant conduct to the instant offense, her sentence should have been reduced to account for time already served on Offense 584.

Petitioner's counsel was not deficient by not raising this argument at sentencing because, as set forth above, the instant offense and Offense 584 did not involve the same relevant conduct. Thus, Petitioner would not have been entitled to a reduction of sentence pursuant to § 5G1.3(b)(1)-(2). Moreover, to account for Petitioner's sentence on Offense 584, this Court ordered that the sentences for the instant offense and Offense 584 run partially concurrently. Accordingly, she cannot show that her counsel was deficient for not raising a meritless argument for a further reduction of her sentence.

As part of her argument regarding a reduction of her sentence for time served, Petitioner also raises claims regarding the Bureau of Prisons' implementation of her sentence and the conditions of confinement at FCI Philadelphia and the Monmouth County Jail. To the extent, Petitioner seeks any relief for these claims, neither is cognizable on a § 2255 motion. *See*

11

*McKnight v. United States*, 27 F. Supp. 3d 575, 579 (D.N.J. June 25, 2014) (noting that challenges to the Bureau of Prisons' calculation of a defendant's prison term must be brought on a motion under 28 U.S.C. § 2241); *Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002) (prison conditions of confinement claims are properly brought under 42 U.S.C. § 1983).

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside her sentence is denied. No certificate of appealability shall issue. The pending motion for release pending resentencing is denied as moot. An accompanying Order will be entered.

ANNE E. THOMPSON
United States District Judge